followed in the Courts of Appeals for the Second and Ninth Circuits. In *United States* v. *Tsanas*, 572 F. 2d 340 (CA2), cert. denied, 435 U. S. 995 (1978), the court held that if a defendant seasonably objects to this type of instruction, the trial judge should instruct the jury with an alternative formulation: jurors may consider the lesser included offense if they cannot reach agreement on the greater offense. 572 F. 2d, at 346. The Court of Appeals for the Ninth Circuit, in *United States* v. *Jackson*, 726 F. 2d 1466 (1984), followed the *Tsanas* approach. There, the court reasoned that "although either formulation may be employed if the defendant expresses no choice, it is error to reject the form timely requested by defendant." 726 F. 2d, at 1469. I would grant the petition of certiorari to resolve this conflict.

No. 86–5707. GARCIA v. FLORIDA. Sup. Ct. Fla. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 86–5515. KINNELL v. MASCHNER, DIRECTOR, KANSAS STATE PENITENTIARY, ET AL., *ante*, p. 952. Petition for rehearing denied.

No. 85–2126. MALACHOWSKI ET UX. v. CITY OF KEENE ET AL., *ante*, p. 828;

No. 86–101. HARRIS ET AL. v. COURT OF APPEALS OF MISSOURI, WESTERN DISTRICT, ET AL., *ante*, p. 851;

No. 86–194. MALACHOWSKI ET UX., ON BEHALF OF THE JUVENILE, AMY M. v. NEW HAMPSHIRE, *ante*, p. 854; and

No. 86–5177. WELLS v. CITY OF HOUSTON, TEXAS, ET AL., *ante*, p. 864. Petitions for rehearing denied. JUSTICE SCALIA took no part in the consideration or decision of these petitions.

DECEMBER 17, 1986

No. A–464. ANDRADE v. MCCOTTER, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS. Application for stay of execution